‘OPINION of the Court, by
Ch. J. Bibb.
Upon a demurrer to the evidence, tendered by the defendant, anc^ voluntarily joined by the plaintiff, the jury assessed the damages, subject to the opinion of the court upon the demurrer : but that opinion being against the plain* ¡n the action, judgment was entered for the defendant: the plaintiff prosecutes this writ of error to that judgmfent. Four points are to be considered:
*St‘ "^e character and species of the count,
2d. The effect of a bill of exceptions to the admission of a deposition, tendered and allowed, on behalf of the demurrant.
3d. The relevancy of the evidence to the count,
4th. The consequences and result of the demurrer to evidence.
Upon the first point, the difficulty arose out of the awkward manner of the count. The declaration consists of a single colint, that the defendant was indebted to the plaintiff in the sum of £. 12 2s. for medicine and attendance as a physician on the defendant’s wife, at his special instance and request; and being so indebted, did, in consideration thereof, assume to pay the plaintiff as much as his medicine and attendance was really worth, Bsc. ; and avers they were reasonably worth .£.12 2#. &c. The count begins as an indebita-tus assumpsit, and concludes as a quantum meruit. The considerations laid are for medicine and attendance, at the defendant’s instance and request, and the promise is to pay their worth ; the indebitatus for the sum certain must be rejected as surplusage, and the count taken as a quantum meruit.
Upon the second point, it seems that the objection to the reading of the deposition was overruled upon insufficient reasons. Because it had been read on a former trial, it did not follow that it might be read therefore in every subsequent trial: the very reason of objection as stated, might not have existed on a former trial: then the absence of the witness might have been accounted for, or known to the defendant wherefore he did not object; but he was not therefore precluded at a subsequent trial from taking the objection when it did exist, Besides, parties are not restricted in a second trial to *613 the very same points relied on in the former trial; they may move new points of law or fact pertinent to the case. As the defendant's objection was improperly overruled, and the same evidence was demurred to by him, and appears material in the case, this exception, if not waived by the demurrer, would stand in the way of a judgment for the plaintiff. It seems, however, that the one party cannot be permitted to rely on an exception to the admissibility of evidence, and to have a demurrer to the same evidence. By demurrer to the evidence he has supplanted his bill of exceptions. The demurrer admits the truth of the evidence, but questions its relevancy and sufficiency. The particular manner in which an admitted truth has been introduced into the cause as evidence, does not seem to be of any importance.
3d. Taking the count as a quantum meruit, the evi-. dence is clearly relevant. It proves the attendance as a physician, which is one of the considerations laid. It is also* conducive to prove circumstantially the other consideration, to wit, administering medicine to the patient; which leads to the last point, viz. the consequences and result of the demurrer.
It seems clearly to result from the adjudications upon demurrers to evidence, that where the evidence is parol and circumstantial, the party whose evidence is so circumstanced, on the tender of a demurrer by his adversary, ought not to be compelled to join in demurrer, unless the demurrant would distinctly admit of record every fact and conclusion which the evidence demurred to conduced to prove. So it was decided in the case of White vs. Fox (a). But here the joinder was voluntary. In such case, it seems that the court, in adjudicating upon the demurrer, ought to take every fact as admitted, which by fair and rational inference from the whole evidence might be deduced, or which a j ury by like inference might have found. It is no cause of demurrer to admissible evidence, that it is not directly conclusive of the fact; rational inferences from one fact may conduce to prove and satisfy the belief of the existence of other facts. This is the well settled principle of circumstantial evidence, in criminal as well as in civil cases. As an example directly in point, the ease of Thruston vs. Slatford, 1 Sal. 284, presents the *614 adjudication of Holt, in admitting a record as proofs though he expressly declared that it was not complete. proof of the fact in issue, but that it was some proof, and might be left to the jury. The attendance as a, physician upon a patient for such a length of time ass stated in the evidence, was certainly competent, by easy and natural inference, to induce a belief of the administering of medicine, and therefore both considerations laid in the declaration were sustained. The quantum of damages was properly left to the jury, and the plaintiff ought to have had judgment for the amount assessed, as the demurrer to the evidence should have been¡ adjudged against the demurrant.
Judgment reversed.

 Ante 369.