## SOUTHERN RAILWAY CO. *v.* LEINART.

### (*Knoxville.* October 31, 1891.)

1. DEMURRER TO EVIDENCE. *Waives exceptions to admissibility and competency of evidence.*

   By demurring to the evidence the demurrant waives his exceptions taken to the admissibility or competency of evidence, and admits the truth of all the evidence received, though over his objection, whether the same was legally competent and admissible or not. (*Post, pp. 636–644.*)

   Case cited: Bedford *v.* Ingram, 5 Hay, 156.

2. SAME. *Evidence sufficient to defeat, when.*

   It is sufficient to defeat a demurrer to the evidence in an action for damages caused by defendant's negligence, that the evidence tends to show actionable negligence on the part of the defendant. The evidence, in this case, is reviewed in the opinion and held sufficient to defeat the demurrer. (*Post, pp. 644–646.*)

---

FROM ANDERSON.

---

Appeal in error from the Circuit Court of Anderson County. W. R. HICKS, J.

JOUROLMON, WELCKER & HUDSON and C. J. SAWYER for Southern Railway Company.

X. Z. HICKS for Leinart.

CALDWELL, J.    The Southern Railway prosecutes this appeal in error from a judgment for $2,500, obtained by next friend of Robert Loving, for personal injuries.    At the trial below the defendant interposed objections to the admission of several different items of testimony offered by the plaintiff, for the purpose of showing that Robert Loving was stricken by a moving train of the defendant.    The objections were overruled, the testimony admitted, and exceptions noted.    When the plaintiff's testimony was concluded the defendant filed a demurrer to the evidence, embodying a literal transcript of all the testimony admitted, with the rulings of the Court, and exceptions thereto, and admitting the truth of all the testimony so set out, and of all proper and legal deductions and inferences therefrom.    The Court overruled the demurrer, and on submission for the assessment of damages the jury returned a verdict for $2,500.    Motion for new trial having been overruled and judgment entered, the defendant appealed in error.

The first four assignments of error challenge the correctness of the Court's action in admitting the several items of testimony objected to at the trial below.    In respect of these assignments, it suffices to say that the defendant cannot now be heard to make any objection to the admissibility or competency of testimony received below.    The demurrer to the evidence, from its very nature, was a conclusive waiver of all exceptions to any testimony that had

been received. It, in express terms, admitted, as it must have done, the truth of all the testimony introduced, that excepted to as well as that received without objection; and the fact that the demurrant's exceptions were transcribed into the demurrer with the testimony did not narrow the scope of that admission, or render it any the less absolute.

It is the province of the trial Judge, in the first instance, to decide what testimony shall be received and what shall be rejected, and, to reverse his decision, exception must be preserved and brought to this Court by formal bill of exceptions. For the purposes of a demurrer to the evidence, his decision as to admissibility and competency is final. All testimony that he receives must be incorporated in the demurrer and unconditionally admitted to be true, as was done in this case. If only a part be incorporated, or only a part, as that not excepted to, be admitted to be true; or if the admission be limited to the trial Court only, or otherwise qualified, the demurrer will be bad in form, and not subject to compulsory joinder by the other party or to consideration by the Court. The objector may stand by his exception and in due course of procedure bring the point before the revising Court by bill of exceptions, or he may waive his exception and demur to the whole of the testimony received for his adversary. He cannot do both. It would give sanction to vexatious and intolerable experimentation to authorize a party to present all the

testimony, that excepted to and that not, for the judgment of the trial Court on demurrer, and, on being disappointed in that, then to ask the appellate Court to exclude a part of the testimony which he had previously confessed to be true. A demurrer to the evidence questions only the sufficiency or probative effect of the testimony, and does not question the propriety of its introduction or preserve any objection thereto.

The foregoing views are amply sustained by the authorities—in part by some and in part by others. A few quotations will be made: "Where the objection is to the reception of evidence as admissible, the party ought, if aware of the objection, to object to its reception; if not apprised previously, he ought, after it has been received, to request the Judge to strike it out of his notes, and if the Judge persist in retaining it and stating it to the jury, the proper course is to tender a bill of exceptions; but if the contention is, whether the evidence, being admissible, tends to prove the issue, the proper course is to demur to the evidence." 1 Starkie on Evi., 530.

"A demurrer to evidence is a proceeding by which the Judges of the Court in which the action is depending are called upon to declare what the law is, upon the facts shown in the evidence, analagous to the demurrer to facts alleged in pleading. . . . And the question upon a demurrer being whether the evidence offered is sufficient to maintain

the issue, the party, on such demurrer, cannot take advantage of any objection to the pleadings." 2 Tidd's Prac., 865.

"First, a party disputing the legal effect of any evidence offered, may demur to the evidence. A demurrer to evidence is analagous to a demurrer in pleading, the party from whom it comes declaring that he will not proceed, because the evidence offered on the other side is not sufficient to maintain the issue." 1 Stephen's Plead. (8 Am. Ed.), 90.

"It will easily be perceived that a demurrer upon evidence left open no question whatever in the law of evidence—that is to say, of the admissibility of evidence, but only, like other demurrers, questions of substantive law. As the facts out of which these questions of law arose were supposed to be admitted, so all questions relating to the evidence of those facts 'had become immaterial." Thayer on Evi. C. L., 236.

"The proper method of questioning the admissibility of evidence is by objections and exceptions, and if the evidence is allowed to go in, upon a demurrer afterwards interposed, it must be considered as true. Of course, if it is irrelevant, and, therefore, no inference can be drawn from it as to the facts in issue, it will have no effect, even on demurrer. If, however, it does tend to prove the facts in issue, even though it be inadmissible on the ground of incompetence, on a demurrer it will be

considered, and full effect given to it." McKelvey on Evi., 287.

"A demurrer to the evidence waives objections interposed to the admissibility of evidence by the party who files the demurrer." 2 Elliott's Gen. Prac., Sec. 859.

"Upon a demurrer to evidence no objection to its competency can be taken ; this objection is deemed waived." 6 Am. & Eng. Enc. Pl. & Prac., 445.

Such is the language of these several text writers, and none, expressing contrary views, have been found.

The adjudged cases, so far at least as our investigation has extended, are, with a single exception, to the same effect.

Note ( *p* ) on the page of Stephens cited is this : "But where the question is on the admissibility of evidence, the course is not by demurrer, but by bill of exceptions. Where a Judge admits that for evidence, which is not evidence, there the party must not demur ; for if he doth, he admits the evidence to be good, but denieth the effect of it ; and therefore, in such cases he must bring his bill of exceptions. And so if the Judge will not admit that for evidence which is evidence. Per. Holt *C. J. Thurston* v. *Stratford*, 3, Salk. 355." Starkie and McKelvey cite *Bulkely* v. *Butler*, 2 Barn & Cress. 434, 9 Eng. Com. Law Rep. 133. The

Supreme Court of the United States cites the same case, after saying : ''The Bill of Exceptions was always the more comprehensive remedy, because it extended, as it still does, not only to the facts in the case, but also to the rulings of the Court in admitting or rejecting evidence, and to the instructions given to the jury upon its legal effect. A demurrer to the evidence, while its operation in one respect is nearly the same as that of the bill of exceptions, in another it is very different. It extends only to the evidence produced, as the term imports, and has no effect at all upon the rulings of the Court by which it is received; and as a necessary consequence, where the error of the Court consists in having admitted improper evidence, the effect of a demurrer to it would be to waive the objection to the ruling, instead of laying foundation to correct the error.'' *Suydam* v. *Williamson*, 20 How., 435, 436.

The other authorities cite numerous other cases, some of which, and perhaps others, will now be referred to briefly.

In the course of the opinion in *Foster* v. *McDonald*, 5 Ala., 376, the Court remarked : '' We decline the examination of this question ( the meaning of a statute ) because by demurring to the evidence, the defendant admitted its competency and referred to the Court the question of its legal sufficiency to establish the fact it was offered to prove.''

23 r—41

In *McLean* v. *Equitable*, etc., 100 Ind., 127, the Court said : "The demurrer waives objections to the admissibility of evidence." The same Court announces the same doctrine in several other cases, among them *Miller* v. *Porter*, 71 Ind., 521 ; *Stackwell* v. *State*, 101 Ind., 1.; *Palmer* v. *Railroad*, 112 Ind., 250.

Short quotations will show the existence of a like rule in other States. "It seems, however," says the Court of last resort in Kentucky, "that the one party cannot be permitted to rely on an exception to the admissibility of the evidence and to have a demurrer to the same evidence. By demurring to the evidence, he supplanted his bill of exceptions. The demurrer admits the truth of the evidence, but questions its relevancy and sufficiency. The particular manner in which an admitted truth has been introduced into the case as evidence, does not seem to be of any importance." *Chapize* v. *Baine*, 1 Bibb, 612.

"It is to be observed that upon demurrer to the evidence, no question can arise as to the admissibility of the evidence. That objection must come up either from a bill of exceptions, or upon a motion for a new trial." *Lewis* v. *Few*, 5 Johnson (N. Y.), 1.

"One of the defendants demurred to the evidence. The ruling of his Honor, that thereby the defendants admitted the truth of the testimony (received

Southern Railway Co. *v.* Leinart.

over objection), together with such inference favor-able to the plaintiff as could reasonably be drawn therefrom, was unquestionably correct." *Hopkins* v. *Bowers*, 108 N. C., 298, citing 82 N. C., 46, and 107 N. C., 136.

In accord is an early expression of this Court in *Bedford* v. *Ingram*, 5 Hay., 156. It was there said: "As to Cooper's testimony, will it be of any use to discuss the admissibility thereof? The excep-tion contained in the bill of exceptions is probably overruled by the demurrer to the evidence, which admits the truth of this testimony with all the other testimony set forth in the demurrer, which admission of the truth must be subsequent to the time of its reception. . . . In all legal proceedings, if you make a stand at one point, and afterwards retreat to another, the former is wholly relinquished. It is for the avoidance of going forward and backward and to keep the cause in progression, that the par-ties must advance continually and not retreat. . . . The bill of exceptions must be abandoned when the demurrer to the evidence is filed. How can you call upon the Court to decide upon the admitted fact, and at the same time say the fact is not ad-mitted; as most certainly it is not if you insist that the evidence it is founded upon is not compe-tent to be received for any purpose. This is cer-tainly so where the demurrer is joined; but where not joined, it is perhaps as if never offered." 5 Hay., 159, 160.

The Supreme Court of Virginia, without referring to the foregoing authorities or any other authority on the subject, takes a contrary view and, upon argument and reargument, holds that a demurrer to evidence does not waive exceptions to testimony received over objection. *Deshazer* v. *Maitland,* 12 Leigh, 524.

This is the case previously alluded to as standing alone on the negative side of the question.

The fifth and only other assignment of error is that the trial Judge erroneously overruled the demurrer to the evidence, when he should have sustained it and rendered a judgment for the defendant. The true inquiry under this assignment is that already indicated—namely, is the testimony of sufficient legal force to establish the plaintiff's cause of action; or, differently stated, does it tend to show the defendant guilty of actionable negligence, that is, negligence proximately causing the plaintiff's injuries? There is positive testimony to the effect that the plaintiff, Robert Loving, a young man twenty years of age, left Coal Creek just after nightfall, walking in the direction of his home upon one of the defendant's railway tracks; that soon thereafter one of the defendant's trains passed over the same track at a high rate of speed; that before reaching the station that train stopped at an unusual point and at once moved backward some distance to a small stock gap where the crew and some of the passengers alighted and made an unsuccessful search for a man supposed

to have been there stricken by the train in passing; that, on further search by other persons some further back, the plaintiff was found, lying on the ground near the track at the end of a small bridge, unconscious, with a severe wound on the side of his head, and other injuries on the same side of his person; that, when restored to consciousness, he remembered only the fact that he had been walking on the track and was unable to give the circumstances of his mishap, but for weeks after the occurrence persisted in the statement that he had been kicked by a mule, when, where or how, he knew not; that there was a notch, about the width of a man's shoe, in one of the cross-ties near the place where the plaintiff was found, and that one of the plaintiff's shoes, that on his injured foot, was bent and wrenched.

There is other testimony of a less positive nature that tends to show that the plaintiff's foot became fastened in the notch mentioned; that while in that situation, unable to extricate himself and in plain and easy view of those on the engine, he was stricken by the pilot, and injured, without an effort on the part of the trainmen to avert a collision; and that, through that misfortune of the plaintiff and that neglect of the railway company, he has been permanently disabled as a laborer and inflicted with impaired sight and memory.

If it were conceded for the sake of argument that the proof of the wrench and bend in the shoe, the

notch in the cross-tie and the proximity of the plaintiff's body should be entirely passed over as inconsequential, the other facts and circumstances, including or excluding the hitherto unmentioned appearance of something resembling blood on the crossbeam of the pilot, would, nevertheless, justify the inference or deduction that the train, without the observance of any precaution, collided with him while walking on the track; and in that case, as in the other, the defendant's negligence would be the proximate cause of the plaintiff's injury. In the latter instance, the mitigation might have been greater than in the former, but in both the proximate cause would be the same.

It would have been sufficient, and perhaps the better course in disposing of the last assignment of error, simply to have said in general terms that the evidence tends to show actionable negligence on the part of the defendant, for proof tending to establish the issue is all that is required to defeat a demurrer to the evidence.

Let the judgment be affirmed.