SUMMERS *v.* RAILROAD.

(*Nashville.*　　March　20,　1896.)

1. DEMURRER TO EVIDENCE. *Practice prevails in Tennessee.*

Doctrine reaffirmed that the practice of demurring to the evidence prevails in this state, and is not open to any constitutional objection. (*Post, pp. 460–462.*)

Cases cited and approved: Hopkins *v.* Railroad, *ante*, p. 409; Bedford *v.* Ingram, 5 Hay., 155.

2. SAME. *Requisites of.*

A statement or motion to perform the office of a demurrer to the evidence must be reduced to writing, must state all the evidence introduced by the adverse party, and admit the truth of the same with all legitimate inferences and deductions to be drawn therefrom. (*Post, pp. 462–466.*)

Case cited and approved: Hopkins *v.* Railroad, *ante*, p. 409.

3. SAME. *When defendant should demur.*

It is better practice for a defendant to demur at the conclusion of the plaintiff's evidence, without the introduction of evidence on his own behalf. (*Post, p. 466.*)

---

FROM HOUSTON.

---

Appeal from Circuit Court of Houston County. A. H. MUNFORD, J.

W. C. SHELTON and H. N. LEECH for Summers.

BUQUO & RUDOLPH for Railroad.

CALDWELL, J. Montgomery Summers, a minor, brought this suit, by next friend, to recover from the Louisville & Nashville Railroad Company $1,999, as damages for personal injuries, which he averred he received through the negligence of the defendant while he was a passenger· upon one of its gravel trains, at a time and place stated. The defendant pleaded not guilty.

The plaintiff appeared upon the stand and introduced another witness in his behalf. Their testimony clearly established the undisputed fact that the plaintiff was seriously injured while upon one of defendant's gravel trains, and tended to show. inculpatory negligence and consequent liability on the part of the defendant.

On the other hand, the testimony of the several witnesses introduced by the defendant tended to exculpate it from any fault in relation to the conceded injuries, and to fix the responsibility for them upon the plaintiff himself.

·"At the conclusion of the introduction of evidence by both plaintiff and defendant," as recited in the final judgment, "the defendant demurred to the testimony, on the ground [that] there was no proof to base a verdict and judgment upon, and asked the Court to direct a verdict and judgment for the defendant." The same entry continues: "Which demurrer and request being argued and understood by the Court, the Court sustains the demurrer, and directs judgment to be entered for defendant. The

Court discharges the jury, and gives judgment against the plaintiff and in favor of the defendant for the costs of this case, for which *fieri facias* may issue.''

Motion for new trial having been made and overruled, the plaintiff appealed in error.

In the English and American Courts there are three well known methods of withdrawing a case from the jury, namely: (1) By demurrer to the evidence, (2) by directing a particular verdict, and (3) by compulsory nonsuit. Some of these prevail in some Courts, and others in other Courts. It will be observed, from the minute entry just quoted, that defendant in this case sought to avail itself of the first two of these methods at the same time. It demurred to the evidence, and also asked the Court to direct a verdict in its favor. The Court, however, as appears from the same entry, only sustained the demurrer, and, having done so, discharged the jury, and rendered judgment against the plaintiff. He did not direct the jury to return a verdict for the defendant. The questions for present decision arises alone upon the action of the trial Judge in allowing and sustaining the demurrer to the evidence.

The practice of demurring to evidence is an ancient one, and has long been recognized and approved in England, and in the Federal and many of the State Courts of the American Union. 1 Starkie's Ev., *434, 435; 4 Chitty's Gen. Prac., 16;

*Gibson* v. *Hunter*, 2 Henry Blackstone's R., 187; 2 Tidd's Practice, 862 and 865; 2 Elliott's Gen. Prac., Sec. 855; *Suydam* v. *Williamson*, 20 How., 427; *Bedford* v. *Ingram*, 5 Hay., 155; *Hopkins* v. *N. C. & St. L., Ry.*, 96 Tenn., 409. In the last case, very recently decided, Judge McAlister reviewed the authorities and considered the purpose, scope, and extent of the practice so exhaustively and learnedly as to render discussion of the general subject in this opinion entirely unnecessary.

The right of a party litigant in the Circuit Courts of this State to interpose a demurrer to the evidence, and to have the judgment of the Court thereon, was recognized and expressly adjudged in that case, as had been done three-quarters of a century before in the case of *Bedford* v. *Ingram*, 5 Haywood 155. Hence, it is now beyond question that the defendant in the case at bar had the legal right to demur to the evidence. But, proceeding a step further in the investigation of the record before us, it becomes manifest that the defendant did not pursue the proper course to make that unquestionable right available. The so-called demurrer is fatally defective in at least three essential particulars, being merely an oral statement to the Court that "the defendant demurred to the testimony on the ground [that] there was no proof to base a judgment and verdict upon." To have performed the office of a demurrer to evidence, that statement or motion (1) should have been reduced to writing,

(2) should have stated all the evidence introduced by the plaintiff, and (3) should have admitted the truth of the same with all legitimate inferences and deductions to be drawn therefrom. In reality it met none of these requirements.

The authorities are numerous and uniform in support of what has just been said as to the requisites of a demurrer to evidence. Brief quotations will be made from a few of them, and a few others will be cited merely:

"A demurrer to evidence is a proceeding by which the Judges of the Court in which the action is depending are called upon to declare what the law is, upon the facts shown in evidence, analogous to the demurrer upon facts alleged in the pleading." 2 Tidd's Practice, *865; *Suydam* v. *Williamson*, 20 How., 427.

"A party who admits the facts which the adverse evidence tends to prove, but desires to withdraw the application of the law to those facts from the jury, and to submit them, for that purpose, to the Court alone, is at liberty to do so by his demurrer to the evidence. But his demurrer cannot be allowed unless he admits the truth of the facts, which the evidence of his adversay, though it be but presumptive or circumstantial, tends to prove. For, though he has a right to submit the legal effect of the facts to the judgment of the Court, yet, as the jury are the proper judges of matters of fact, the evidence must either be submitted to the jury or

the facts themselves must be admitted." 1 Starkie's Evi., *434, 435; Tidd's Practice, *866.

Chitty adopts the foregoing language of Starkie, and appends a form, which is to be in writing, and which, among other things, calls for a statement of the adverse evidence and the signature of demurrant's counsel. 4 Chitty's Gen. Prac., 16.

Elliott says: "The evidence must be incorporated in the demurrer," which "must be addressed to the whole evidence, and not to a part." 2 Elliott's Gen. Prac., Sec., 863. And, again, "The demurrer not only admits the truth of all the evidence adduced by the party against whose evidence the demurrer is directed, but it also admits all the inferences that may be logically and reasonably drawn from the evidence. The probative force of the evidence is not confined to the direct effect of the evidence, but extends to the results reasonably deducible from it by logical and legitimate inference." 2 Elliott's Gen. Prac., Sec. 868.

"As the province of the jury to ascertain the truth of facts and the credibility of witnesses ought not to be taken away, the demurrer must, consequently, admit the truth of all facts which the jury might find in favor of the other party upon the evidence of whatever kind, whether in writing or parol." 5 Am. & Eng. Enc. L., 563.

"The demurrer not only admits the truth of testimony demurred to, but all the conclusions of

fact which a jury may justly draw therefrom.''
*Railway* v. *Welie*, 140 Ill., 61.

. ''No demurrer to evidence should be allowed, and
no judgment thereon given, unless the party de-
murring shall admit upon the record all the facts
which the evidence conduces to prove.'' *Hinate* v.
*Simpson*, 17 Fla., 444.

''On demurrer to evidence the party must admit
the facts and conclusions which may be reasonably
inferred therefrom.'' *Sawyer* v. *Pitts*, 3 Ala., 528.

''It will not do for the demurrant to say, 'I
agree.' The Court may infer all that the jury legally
might, for the Judges cannot respond to a question
of fact.  .  .  .  The demurrer to evidence, being
in place of a special verdict, must have the same
certainty in all respects, and not leave it to the
Court to make inferences.  .  .  .  And he that
demurs must admit the fact it (the evidence) con-
duces to prove, and which a jury might infer from
it; otherwise, you take from the party producing
the evidence the benefit of the conclusion which the
jury might make in his favor, if the cause were
not taken from them.'' *Bedford* v. *Ingram*, 5
Hay., 161, 162.

These and many more cases in accord were cited
in *Hopkins* v. *Nashville, Chattanooga & St. Louis
Railway*, *supra*. The demurrer in that case was
written and signed by counsel of defendant, stated
all the testimony introduced by the plaintiff, and
admitted of record the truth of all that testimony,

and of all proper and legal deduction and inferences to be drawn therefrom. This Court said it was "in accordance with the established practice in in such cases." *Ante*, pp. 417–458.

Because of the three important defects mentioned, the demurrer in the present case should not have been allowed. Moreover, tested by the better practice, the so-called demurrer came too late, not having been offered until after the demurrant had introduced all of its testimony. A defendant should demur, if at all, at the conclusion of the plaintiff's evidence, and not take the time of the Court, and make an experiment by introducing his own evidence, as was done in this case. Whether the demurrer in this case should have been sustained, if in the requisite form and presented in due time, it is not necessary to say.

Reverse and remand.