BRIDGEPORT, ETC., CO. *v.* RAILROADS.

(*Knoxville.* November 15, 1899.)

1. DEMURRER TO EVIDENCE. *Not proper upon agreed facts.*

It is not proper practice to demur to evidence where the facts are agreed upon by the parties. (*Post, p. 495.*)

2. SAME. *Insufficient, when.*

A demurrer to evidence is bad which does not set out the evidence otherwise than by reference to a written agreement as exhibit No. 1 thereto, which agreement was not marked filed, or made part of record by bill of exceptions. (*Post. pp. 492, 493.*)

Case cited: Hopkins *v.* Railroad, 96 Tenn., 418.

3. JURY TRIAL. *Not proper, when.*

It is not proper practice to submit a case to a jury where the parties have agreed upon the facts and amount of plaintiff's recovery, should one be awarded. There remains no question, in such case, except one of law for the Court. (*Post. pp. 494, 495.*)

---

FROM HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County. FLOYD ESTILL, J.

WILLIAMS & LANCASTER for Mfg. Co.

BROWN & SPURLOCK for N., C. & St. L. Ry.

GARNET ANDREWS for L. & N. Ry.

WILKES, J. This action was instituted in the Circuit Court of Hamilton County · upon a contract of freight carriage from Bridgeport, Ala., to Midvale, Pa. The defendants were brought · before the Court by summons in the usual way, the summons being served on one defendant and acknowledged by the other.

No pleadings were filed by either party, but it appears an "agreed statement of facts" was substituted for pleadings and evidence. The first clause of the agreed statement is in these words: "In this case it is agreed that the following statement of facts is to be introduced as a substitute for all proof, whether written or oral. No additional proof is to be taken, except by the unanimous consent, in writing, of all the parties to this record." Then follows a lengthy agreement of facts.

It does not appear from the record when this agreement was signed, nor that it was ever filed. There was no demand for a jury, · so far as the record shows, but a minute entry is found in the transcript which recites as follows: "It is. ordered that the case be assigned to the heels of the jury docket call for trial by consent." This order was entered February 20, 1899. Thereafter, on March 24, the cause was continued by order of the Court. On June 24, 1899, each defendant filed separately what is called a demurrer to the evidence. These demurrers are in · substantially the

following words: "The defendant railroad comes and demurs to· the evidence of the plaintiff and offers to admit ˙of record that the following testimony and proof introduced by the plaintiff contained and set out in the paper writing hereto attached, marked Exhibit No. 1, and made a part of this demurrer, and which contains all the evidence in-troduced by the plaintiff, is true, and further ad-mits as true all proper and legal deductions and inferences therefrom in law; and defendant offers to admit that the facts ˙so stated are the facts in the case and were proven entirely by the plaintiff, and does now aver that the facts so stated present no ground for the recovery against it under the pleadings in this case, and this it is ready to verify. Wherefore defendant prays the Court to allow the demurrer and direct the plain-tiff to join therein, and prays judgment of the Court accordingly, and that plaintiff may be barred against having or maintaining his action against it or further prosecuting the same."

It will be seen that this paper is modeled very largely upon the form found in the case of *Hopkins* v. *Railroad,* 12 Pickle, 418. In that case, however, the testimony, all evidence intro-duced by the plaintiff, was set out in full in the demurrer. Here it is only referred to as Ex-hibit No. 1. But there is no paper designated in the record as Exhibit No. 1. Presumably the agreement of facts, which is designated as "agreed

statement of facts," is the paper intended as Exhibit No. 1. But this paper is not only not marked filed and not identified by the demurrer, nor set out in it, but it is not made part of the record by bill of exceptions, and there is no bill of exceptions in the record. The judgment entry on July 1, 1899, recites that the parties by their attorneys and a jury of good and lawful men, appeared in open Court, and that the jury was duly elected, tried, and sworn the truth to speak upon the issues joined. It proceeds to further recite that on a former day of the term the jury heard all the testimony introduced by plaintiff, whereupon the defendants each presented to the Court their demurrers to the plaintiff's evidence, which were ordered filed by the Court, and in which the plaintiff joined; that the demurrers were argued before the Court, and the jury was respited, and that the Court thereupon was of opinion that the demurrer of the Chattanooga road was well taken, and sustained the same, but that the demurrer filed by the Louisville road was not well taken and overruled the same, and thereupon the jury returned into open Court, and having received the charge of the Court, do say they find the issues in favor of the plaintiff against the L. & N. R. R., and assess the damages at $282.56 principal and $31.54 interest, or a total of $314.10. Then follows judgment in favor of the Chattanooga road for its costs, and against the L. &

N. R. R. for the sum of $314.10 and all un-adjudged costs.

The L. & N. R. R. excepted to the action of the Court in overruling its demurrer and submitting the case to the jury, and prayed an appeal, and the plaintiff excepted to the action of the Court in sustaining the demurrer filed by the Chattanooga road and refusing to submit the issues involved to the jury, and prayed an appeal. Both appeals were granted and both parties have assigned errors. No charge of the Court appears in the record, and the issues which are said to have been submitted to the jury do not appear, so that we are entirely at sea as to what was submitted to the jury, unless we assume that it was the assessment of damages. In the paper styled "agreed statement of facts" one stipulation is that if the plaintiff is entitled to recover at all, then $286.56 is the measure of damages, which was the amount of principal for which judgment was rendered. It will be seen from this recital that in the conduct of the case below the usual rules of proceeding and practice have not been followed. In the first place, after the facts have been agreed upon and the measure of damages fixed, in the event the Court should be of opinion there was liability, then there was nothing for a jury to do. The question became, then, one of law for the Court as to whether, under the facts, there was legal liability.

There were no controverted facts, no issues, and the jury could have no office to perform. Neither was a demurrer to evidence proper in such case. That practice exists only when the plaintiff has presented his evidence and the defendant deems it insufficient to authorize any recovery. But a demurrer to evidence is not proper practice when the parties have agreed upon the facts. In such cases the only proper and correct practice is to invoke the judgment of the Court as to the law upon the facts thus agreed upon. The office and function of a demurrer to evidence is to test the strength of plaintiff's case upon his own testimony, and not upon the testimony of both parties, nor upon facts agreed to by both parties. But if a demurrer to evidence could be allowed in such case, the present demurrer is defective in that it does not set out the facts proven. It refers to an exhibit, stated to be made a part of it, it is true, and marked Exhibit No. 1, but Exhibit No. 1 does not appear in the record, or if it does, it is in no way identified. It follows, since the facts are not set out in the demurrer and are not made part of the record by bill of exceptions, that this Court cannot revise the judgment of the Court below. All that we can see from the record is that the Court below had before it facts from which it found liability and the verdict of a jury as to the amount of damages against the L. & N. R. R., but no liability as

to the Chattanooga road, and this Court cannot question the correctness of this holding, and the judgment must be affirmed.

The costs will be equally divided between the plaintiff and the L. & N. R. R. Co.