King v. Cox.

SAM L. KING *et al. v.* W. H. COX *et al.*

(*Knoxville.*  September Term, 1912.)

1. **PEREMPTORY INSTRUCTIONS.  Concurrent motions there-
for does not take case from jury and submit it to trial judge.**

Concurrent motions by both parties for peremptory instructions
will not operate as a mutual agreement to take the case from
the jury, and to submit the whole controversy to the determina-
tion of the trial judge.   (*Post, pp.* 557-560.)

Case cited and approved: Hardware Co. v. Hodges, 126 Tenn.,
370.

Cases cited and disapproved: Railroad v. Crutcher, 1 Tenn. C.
C. A., 231; Aizenshtatt v. Mayor, 1 Tenn. C. C. A., 805.

2. **SAME.  Motion therefor does not waive objections to rejection
or admission of evidence, as a demurrer to evidence does.**

A motion for peremptory instructions does not waive the mover's
objections to the rejection or admission of evidence, as a de-
murrer to evidence does.   (*Post, pp.* 558, 560.)

Cases cited and approved: Railroad v. Leinart, 107 Tenn., 635;
Coleman v. Bennett, 111 Tenn., 705, 711.

3. **DEMURRER TO EVIDENCE.  Definition; effect; joinder and
final judgment; complete, and needs no bill of exceptions to
preserve evidence.**

The defendant's demurrer to the plaintiff's evidence sets it all out,
and confesses its truth, and withdraws the case from the jury,
and submits to the court the application of the law to the
admitted facts; and where the evidence is written, or, if parol,
is certain, the plaintiff must join in the demurrer, or waive his
evidence, and if he refuse to join, except in terms disapproved
by the court, his evidence is considered as withdrawn, and the
jury must find for the defendant.  The party who prevails on a
demurrer to the evidence is entitled to a final judgment in his

favor. The demurrer to the evidence is complete in itself, and, no bill of exceptions is needed for its preservation for the review of a ruling thereon. (*Post, pp.* 561, 564.)

Cases cited and approved: Hopkins v. Railroad, 96 Tenn., 409; Summers v. Railroad, 96 Tenn., 459; Railroad v. Brown, 96 Tenn., 559; Mitchell v. Railroad, 100 Tenn., 329; Thane v. Douglass, 102 Tenn., 307; Artenberry v. Railroad, 103 Tenn., 266; Barr v. Railroad, 105 Tenn., 544; Manufacturing Co. v. Morris, 105 Tenn., 654; Coleman v. Bennett, 111 Tenn., 705, 714; Railroad v. Sansom, 113 Tenn., 683.

4. SAME. Function to test plaintiff's case upon his testimony alone.

The office and function of a demurrer to the evidence is to test the strength of the plaintiff's case upon his own testimony, and not upon the testimony of both parties, nor upon facts agreed to by both parties. (*Post, pp.* 561, 562.)

Case cited and approved: Bridgeport, etc., Co. v. Raliroads, 103 Tenn., 490, 495.

5. SAME. Not prevented by conflicting evidence which it submits for harmonization.

The fact that the evidence is conflicting does not prevent the case from being submitted on a demurrer to the evidence; but the evidence must be considered as a whole, and all reasonable inferences drawn from it in plaintiff's favor, though none of it must be excluded simply because unfavorable, but only if shown by other evidence to be incorrect. The demurrer submits the decision and determination of the question of apparent conflict in the evidence to the court for the harmonizing of all the evidence in respect thereof. (*Post, pp.* 562, 563.)

Case cited and approved: Corbett v. Smith, 101 Tenn., 368, 374.

6. PEREMPTORY INSTRUCTIONS AND DEMURRER TO EVIDENCE. Similarities, dissimilarities, and distinctions between a demurrer to evidence and a motion for peremptory instructions are stated.

The demurrer to evidence and the motion for peremptory instructions have points of similarity, but also material points of dif-

King v. Cox.

ference, many of which are stated, pointed out, and contrasted in the opinion of the court.   (*Post, pp.* 565-568.)

Cases cited and approved: Tyrus v. Railroad, 114 Tenn., 579; Railroad v. Williford, 115 Tenn., 108, 124; Traction Co. v. Brown, 115 Tenn., 323; Kinney v. Railroad, 116 Tenn., 450; Seymour v. Railroad, 117 Tenn., 98; Norman v. Railroad, 119 Tenn., 401.

7. SAME.  When either is sustained in trial and appellate court, or in the appellate court alone, the case is ended.

A peremptory instruction, sustained in the trial court and affirmed in the appellate court, will end the case; and a peremptory instruction, offered and refused in the trial court, but adjudged good in the appellate court, will end the case; and so, on the sustainment of a demurrer to the evidence, either in the trial court or in the appellate court, the case will likewise be at an end.   (*Post, pp.* 564, 565.)

8. SAME.  Remandment for assessment of damages upon sustaining motion for peremptory instructions, but appellate court must fix damages upon sustaining demurrer to evidence.

Upon sustaining a motion for peremptory instructions, the case may be remanded for the assessment of damages on evidence to be heard before a jury, while upon sustaining a demurrer to the evidence, all the evidence must be found in the demurrer itself, and the amount of damages must be fixed by the court. (*Post, pp.* 565.)

Cases cited and approved: Tyrus v. Railroad, 114 Tenn., 579; Railroad v. Williford, 115 Tenn., 108, 124; Traction Co. v. Brown, 115 Tenn., 323; Kinney v. Railroad, 116 Tenn., 450; Seymour v. Railroad, 117 Tenn., 98; Norman v. Railroad, 119 Tenn., 401; Railroad v. Hayes, 117 Tenn., 680; 697; Railroad v. Roe, 118 Tenn., 601, 625, 626; Box Co. v. Gregory, 119 Tenn., 537.

9. PEREMPTORY INSTRUCTIONS.  Motion for, does not waive exceptions as to rulings on evidence.

A party, by making a motion for peremptory instructions, does not waive any exceptions he may have reserved against the action of the trial judge in his rulings against him on questions

King v. Cox.

of evidence; and he may, on his motion for new trial, assign such errors, along with the action of the trial judge in granting to his adversary, or in refusing to himself, a motion for peremptory instructions. (*Post, pp.* 565-569.)

Case cited and approved: Tyrus v. Railroad, 114 Tenn., 579.

10. INJUNCTION. When dissolved, damages may be recovered upon reference or by suit.

Upon the dissolution of an injunction, the defendant may have either a reference to the master for the assessment of damages, or bring an independent suit on the injunction bond. (*Post, pp.* 570, 571.)

Code cited and construed: Sec. 6259 (S.); sec. 5192 (M. & V.); sec. 4442 (T. & S. and 1858).

Cases cited and approved: Ragan v. Aiken, 9 Lea, 623; Terrell v. Ingersoll, 10 Lea, 77, 80, 84.

11. SAME. Best evidence of record in injunction suit is the original or a duly certified copy of whole record, except where part is lost.

The fact of the dissolution of an injunction must be shown in an action on the injunction bond by the best evidence, which is the record of the injunction suit, which record must be proved by the production of the original, or by a copy thereof, certified by the clerk or the person having legal custody thereof. A copy of the whole record must be produced, except where part of the record is lost, and cannot be produced. (*Post, p.* 571.)

Code cited and construed: Sec. 5579 (S.); sec. 4547 (M. & V.); sec. 3794 (T. & S. and 1858).

Cases cited and approved: Duncan v. Gibbs, 1 Yerg., 256; Garrick v. Armstrong, 2 Cold., 267; Phipps v. Caldwell, 1 Heisk., 350; Willis v. Louderback, 5 Lea, 561; Smith v. Hutchison, 104 Tenn., 394; Railroad v. Seymour, 113 Tenn., 523; Russell v. Houston, 115 Tenn., 536.

12. SAME. Evidence held insufficient to lay ground for introduction of certified copies of judicial records.

In an action on an injunction bond, in which it was sought to prove the dissolution of the injunction by certified copies of the

King v. Cox.

pleadings, the decree, the injunction bond, and the injunction writ, the evidence is stated and *held* to be insufficient to show that such papers were lost, so as to admit in evidence certified copies thereof.   (*Post, pp.* 569, 570, 571-574.)

Cases cited and approved: Pharis v. Lambert, 1 Sneed, 228; Vaulx v. Merriwether, 2 Sneed, 686; Girdner v. Walker, 1 Heisk., 191; Rhea v. McCorkle, 11 Heisk., 415; Whiteside v. Watkins (Tenn. Chy. App.), 58 S. W., 1107.

### FROM SULLIVAN.

Appeal from the Circuit Court of Sullivan County to the Court of Civil Appeals, and by writs of *certiorari* from the Court of Civil Appeals to the Supreme Court. —DANA HARMON, Circuit Judge.

HARR & BURROW, A. C. KEEBLER, C. A. BROWN and H. H. SMITH, for plaintiffs.

MULLENIX & ST. JOHN, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

The present action was brought in the circuit court of Sullivan county on an injunction bond, which the plaintiffs in error had executed in a case formerly brought by them in the chancery court of that county. Numerous objections to evidence were offered in the trial court by the plaintiff in error, and overruled by the trial judge.  Both sides moved for peremptory instructions.  The court thereupon overruled the motion of plaintiffs in error, but sustained that of defendants

in error, and directed a verdict in favor of the defend-
ants in error for the sum of $1,460.   From this judg-
ment, after a motion for new trial had been made and
overruled, an appeal was prosecuted to the court of
civil appeals.   In that court the judgment was affirmed
as to all of the defendants in error except J. F. Yoakly.
Both sides filed a petition for *certiorari* in this court,
and both were granted, and the case was set down for
argument.

The court of civil appeals held that, inasmuch as
both parties had moved for peremptory instructions,
this was a mutual agreement to take the case from the
jury, and to permit it to be decided wholly by the trial
judge, and that each side, by such motions, waived all
objections to evidence.   That court, in support of the
first proposition, relied upon two cases decided by it:
*Railway Co.* v. *Crutcher*, 1 Tenn. C. C. A., 231, and
*Aizenshtatt* v. *Mayor*, Id., 805.   For the proposition
that such motions waived all objections to evidence,
reliance was had upon the rule that a demurrer to the
evidence has that effect, and it was held that a motion
for peremptory instructions was substantially the same
as a demurrer to the evidence, and therefore must oper-
ate in the same manner upon such objections.

This view lies at the threshold of the present con-
troversy, and must be disposed of before other ques-
tions can be considered.

As to the first proposition, this court has taken a
different view, from the two cases cited from 1 Tenn.
C. C. A., in a recent case, decided at the present term,

King v. Cox.

*Virginia-Tennessee Hardware Co.* v. *Ollie Sue Hodges,*
126 Tenn., 370, 149 S. W., 1056.   It was held in that
case that such concurrent motions did not have the effect
of an agreement by the parties that the whole contro-
very should be determined by the trial judge.   After dis-
cussing the grounds on which this court thought the de-
cision of the question must rest, it was said, in conclu-
sion:

"We are of the opinion that, under the true practice,
the motion of each party should be treated for what it
is, a matter wholly distinct from and adverse to that
of his adversary; that neither is put in a worse posi-
tion, so far as concerns his ultimate right of review,
by his adversary's making a similar motion; that such
motion should stand as if made and remaining alone,
and should be disposed of on its own merits; that the
only question submitted to the trial judge is the ques-
tion of law above indicated; that as a necessary pre-
liminary to responding to this question, he must deter-
mine whether there is any substantial conflict in the
evidence; that if he find such conflict, or undisputed evi-
dence from which conflicting inferences may reasonably
be drawn, on material points, he should submit the case
to the jury; that if he is of opinion there is no such con-
flict he should sustain the motion of one party or of the
other, according to his view of the facts and the law;
that the party whose motion has been overruled may
have the action of the trial judge reviewed on appeal,
without the necessity of asking the submission of any
special question or questions to the jury; that on such

appeal he may attack the action of the trial judge, in overruling his motion and in sustaining that of his adversary, and may put forward his contention of the facts, and assail that of his adversary; and the appellate court will for itself ascertain the facts, and will determine whether the trial judge should have sustained the one motion or the other, or should have submitted the case to the jury."

The question, then, as to whether a motion for peremptory instructions is a waiver of the right to assign errors in the appellate court on the rulings of the trial judge on points of evidence, must be determined without regard to whether both parties made motions or only one of them.

The question, therefore, is reduced to the inquiry whether the making of a motion for peremptory instructions waives objections made to the rejection or admission of evidence on the part of the person making the motion. Aside from the fact of concurrent motions, it is insisted that, if either plaintiff or defendant below make such motion, he waives all such errors. The argument in support of the contention seems to be that a motion for peremptory instructions is practically identical with a demurrer to the evidence. It is held in this State, and others, that where a demurrer to the evidence is filed, this does waive such errors, regardless of whether the motion was successful or unsuccessful. *Southern Railway Co.* v. *Leinart*, 107 Tenn., 635, 64 S. W., 899; *Coleman* v. *Bennett*, 111 Tenn., 705, 711, 69 S. W., 734.

The two motions have points of similarity, but also material points of difference. In the demurrer to the evidence the defendant sets out all of the evidence admitted by the trial judge in behalf of the plaintiff, and confesses its truth. This is clinched by the joinder of the plaintiff. It is absolutely binding on the demurring party, with all legal and reasonable inferences that may be deduced therefrom, and is equivalent to a special verdict. It withdraws the case from the jury, and submits to the court the aplication of the law to the facts. Where the evidence is written, and where, though parol, it is certain, the party who offers it must join in the demurrer, or waive the testimony. If the plaintiff refuse to join, except in terms which the court disapproves, his evidence is considered as withdrawn, and the jury must find a verdict for the defendant. The party who prevails on the demurrer is entitled to final judgment in his favor. The demurrer is complete in itself, and no bill of exceptions is needed for its preservation. *Hopkins* v. *Railroad*, 96 Tenn., 409, 34 S. W., 1029, 32 L. R. A., 354; *Summers* v. *Railroad*, 96 Tenn., 459, 35 S. W., 210; *Railroad* v. *Brown*, 96 Tenn., 559, 35 S. W., 560; *Thane* v. *Douglass*, 102 Tenn., 307, 52 S. W., 155; *Artenberry* v. *Railroad*, 103 Tenn., 266, 52 S. W., 878; *Barr* v. *Railroad*, 105 Tenn., 544, 58 S. W., 849; *Mitchell* v. *Railroad*, 100 Tenn., 329, 45 S. W., 337, 40 L. R. A., 426; *Manufacturing Co.* v. *Morris*, 105 Tenn., 654, 58 S. W., 651; *Coleman* v. *Bennett*, 111 Tenn., 705, 714, 69 S. W., 734; *Railroad* v. *Sansom*, 113 Tenn., 683, 84 S. W., 615. "The office and function of

126 Tenn. 36

a demurrer to the evidence is to test the strength of plaintiff's case upon his own testimony, and not upon the testimony of both parties, nor upon the facts agreed to by both parties." *Bridgeport, etc., Co.* v. *Railroads,* 103 Tenn., 490, 495, 53 S. W., 739, 740. Even if the evidence is conflicting, this does not prevent the case from being submitted under a demurrer to the evidence. "It is said, if the evidence is conflicting, only that must be looked to which is not favorable to plaintiff on demurrer to evidence. This is not a correct statement. The evidence must be looked to as a whole, and all reasonable inferences drawn from it in plaintiff's favor; but none of it must be excluded simply because unfavorable, but only if shown by other evidence to be incorrect." *Corbett* v. *Smith,* 101 Tenn., 368, 374, 47 S. W., 694, 695.

On a motion for peremptory instructions, no joinder is necessary. It may be made at the close of the plaintiff's evidence, or at the close of all of the evidence. If the evidence is conflicting on material points, or if diverse inferences as to material matters can be drawn from evidence not conflicting, the case must go to the jury, and cannot be decided by the court. The motion to instruct does not necessarily dispose of the whole case. Although there may be no conflict as to the right of action, there may be as to the amount of the recovery, and in that event the latter question will be settled by the jury. The party making the motion is not required to formulate the evidence and sign a statement thereof as under a demurrer; but the motion is made

King v. Cox.

orally on the evidence as delivered before the court.
Likewise, if there be a question as to the credibility of
witnesses, the case must go to the jury.  While a party
who files a demurrer to the evidence must sustain it
at his peril, the penalty being a judgment against him
if he fail, such is not the result on failure to sustain a
motion for peremptory instructions.  The effect simply
is that the case goes to the jury for trial.  The party
who files a demurrer to the evidence says, in effect, by
his written submission, that there is no doubt as to any
of the facts, and purports to set them all out, and, if
there is any apparent conflict in the evidence so set
forth, this by the act itself of filing the demurrer sub-
mits the decision and determination of this question of
fact to the court, for the harmonizing of all the evidence
in respect thereof; while one who files a motion to in-
struct, although he asserts that the evidence is without
conflict, yet he does so in submission to the rule of law
that if there be any conflict on any material or deter-
minative question of evidence it is the duty of the court
to overrule such motion and submit the case to the jury.
When a demurrer to the evidence is filed, the case as
already stated is absolutely at once withdrawn from
the jury, on a joinder of the plaintiff; while on a mo-
tion to instruct the question is submitted to the court
whether the case shall be withdrawn.  The opinion of
the court is merely invoked as to whether it is a case
proper for the jury, or one for the court alone, and the
motion includes in effect a request of the court for ap-
propriate action in the event of his decision one way or

the other. Under the former practice no verdict of the jury is necessary, proper, or permissible; in the latter case the jury must render a verdict, albeit under the direction of the court. The trial judge may instruct the jury of his own motion without any application by either party, and neither party can compel the other; in a demurrer to the evidence it is necessary that the defendant make the application, and when he does so the plaintiff must enter his joinder. A motion for new trial is necessary as a preliminary to test, in the appellate court, the correctness of the action of the trial judge in giving or refusing to give a peremptory instruction, and the whole matter, including the evidence, must be incorporated in a bill of exceptions. No such a motion is necessary to test the disposition of a demurrer to the evidence, nor, as we have previously stated, is it necessary that a bill of exceptions should be used in connection therewith. *Tyrus* v. *Railroad,* 114 Tenn., 579, 86 S. W., 1074; *Traction Co.* v. *Brown,* 115 Tenn., 323, 89 S. W., 319; *Kinney* v. *Railroad Co.,* 116 Tenn., 450, 92 S. W., 1116; *Railroad* v. *Williford,* 115 Tenn., 108, 124, 88 S. W., 178; *Seymour* v. *Railroad,* 117 Tenn., 98, 98 S. W., 174; *Norman* v. *Railroad,* 119 Tenn., 401, 104 S. W., 1088. Of course, the purpose of both methods is to expedite the trial of causes, and the rule is that a peremptory instruction, sustained in the trial court and affirmed in the appellate court, will end the case; and a peremptory instruction, offered and refused in the trial court, but adjudged good in the appellate court, will have the same effect. So on

the sustainment of a demurrer to the evidence, either in the trial court or in an appellate court, the case will likewise be at an end.

The exception must be stated, however, that upon sustaining a motion for peremptory instructions there may be a remand for the assessment of damages on evidence to be heard before the jury, while in the latter all of the evidence as to damages must be found in the demurrer itself and the amount of damages fixed by the court. Authorities supra, and also *Railroad* v. *Hayes*, 117 Tenn., 680, 697, 99 S. W., 362; *Railroad v. Roe,* 118 Tenn., 601, 625, 626, 102 S. W., 343; *Box Co.* v. *Gregory,* 119 Tenn., 537, 105 S. W., 350.

It is perceived that, although the results attained by the two methods are in most aspects the same, yet they have material differences in the practice and administration thereof; that the demurrer to the evidence is in the nature of a pleading, and belongs to the precedents that control that class of subjects, while the motion to instruct belongs to the class of subjects necessary to be incorporated in a bill of exceptions along with other matters not of record, and necessary to be made a part of the record in order that the action of the trial judge in respect thereof may be tested on appeal.

We perceive no reason arising out of the nature of the subjects involved why a party who asks a peremptory instruction should be held thereby to waive any error committed against him in the matter of admission or rejection of evidence. During the progress of the trial he offers evidence which he believes to be competent and

this is rejected. He saves his exceptions to be used on appeal; in like manner when evidence is admitted over his objection. After the court, by his rulings on testimony, has eliminated all evidence he deems improper, and has thus caused to be left a residuum, one or the other of these parties desires to raise a question of law that, even on this residuum, the case is with him. When the party comes to make his motion for new trial, we can see no incompatibility in assigning as grounds both that his honor improperly granted or refused a peremptory instruction, and improperly admitted or disallowed the evidence offered. The contrary view deprives a litigant of a part of his case; or, to put the matter differently, it imposes a penalty on him for endeavoring to shorten the litigation. It says to him, in effect: You must condone the errors the judge has committed against you in his rulings on the admission and rejection of evidence as the price of the privilege of making a motion for a peremptory instruction. We repeat there is no incongruity between a party insisting on having corrected errors against him of the kind just mentioned, and those committed against him in overruling his motion for peremptory instructions, and the law imposes no estoppel. It is perfectly reasonable for him to say in the appellate court that the trial judge erred in admitting or rejecting evidence, and also, in addition thereto, he erred in ruling against him the motion for peremptory instructions. There is not only no conflict between the two grounds of relief, but they are homogeneous, and both arise naturally under a bill

of exceptions. The opposite view seems to be based on what we deem an imperfect analogy between the motion for peremptory instructions and the demurrer to the evidence. It does seem, we grant, inappropriate for a defendant, at the close of the plaintiff's evidence, to incorporate all of that evidence in a demurrer, admitting it all as true, along with all legitimate inferences to be drawn therefrom, and thereby compel the plaintiff to a joinder, and then, when the demurrer is overruled, to assign error on the ground that he objected to some of the evidence, and that the objection was erroneously decided against him. The answer is: After the ruling was made against you, you deliberately wrote out the evidence and signed it, and said it was true. On a motion · for peremptory instructions, however, not only may there be evidence wrongly admitted against the party making the motion, but he may have offered competent evidence which was refused, and this would not appear under the motion at all, and he would not get the benefit of it. Such a situation could not occur under a demurrer to the evidence, because, as stated, that is only offered at the close of the plaintiff's evidence, and it embodies only that evidence. It is true that, where the person who makes the motion for peremptory instructions seeks, on appeal, to assign errors upon evidence admitted over his objection, his case is, in a general way, similar to that of one who demurs, in so far as both invoke the decision of the trial judge as matter of law on all of the evidence introduced.

Still, we think the rule should be different in the two

cases on grounds already stated, arising out of the difference between matters based on pleadings and those falling within bills of exceptions. The difference is rested in part on a technical distinction, but the rules covering the whole subject are technical. Moreover, the practice of directing verdicts, or giving peremptory instructions to juries, is recognized as a distinct advance upon the old system of demurring to the evidence, and we deem it unwise to hamper this practice with the rules which restricted that system, and made it so unwieldly in use, and so dangerous to parties who sought to employ it. Besides this, it is certainly true that no good reason, technical or otherwise, could be offered for refusing to permit a party to assign error on the refusal of the trial judge to admit competent evidence, which, because refused, could not enter at all into the motion for instructions. This being granted, it would be a useless refinement to make a distinction between evidence of that kind and evidence admitted over objection.

For the reasons stated, we are of the opinion that a party, by making a motion for peremptory instructions, does not waive any exceptions he may have reserved against the action of the trial judge in his rulings against him on questions of evidence; and that he, on his motion for new trial, may assign such errors, along with the action of the trial judge in granting to his adversary, or in refusing to himself a motion for peremptory instructions.

This view was intimated in *Tyrus* v. *Railroad*, supra.

King v. Cox.

wherein it was said, in substance, that on motion properly made in the court below for a peremptory instruction, and an improper refusal of it by the trial judge, this court would be enabled to dispose of the case finally, and thereby save to the parties and the State the delay and expense of an additional trial, "in the absence of any reversible error in rulings upon evidence or otherwise." Perhaps the matter in quotation marks was not necessary to the decision of the case, but it clearly indicates the view this court entertained at that time of the question now before us.

It is urged that the practice above indicated would permit counsel to experiment with the court. It is no experiment to object to incompetent evidence, and to the action of the trial court in excluding competent evidence, but a right which belongs to every litigant. It is no experiment, when all the evidence is in, which the court permits to go in, then to take the judgment of the court as to whether on uncontroverted evidence the plaintiff is entitled to a verdict, or the defendant, by appropriate motions made by either or both of the parties. The practice by which a party making a motion for peremptory instructions is held to forfeit exceptions reserved to the admission of incompetent evidence, or the exclusion of competent evidence, shortens the litigation, it is true; but it also shortens the rights of litigants.

On the trial of this case in the court below, many objections were offered by the defendant to evidence which were overruled by the trial judge. The only ones

which we need consider, however, may be thus stated: Plaintiffs offered in the trial court certain parts of the record in the injunction suit, in order to get before the court and jury the essential point of evidence that in the suit referred to, out of which the bond sued on arose, the injunction had been dissolved and held wrongfully issued. Plaintiffs below did not offer the whole record, but only the following, viz.: A paper purporting to be a copy of the bill issued out of the master's office, when it was filed; carbon copies of the demurrers of the defendants and of their answers (these were presented by the attorney for plaintiffs in the present suit as office copies preserved by him as attorney for defendants in the former suit); a certified copy of the decree of the court; a certified copy of the injunction bond; a certified copy of the injunction writ; and a certified copy of the rule docket. These various papers were objected to, first, on the ground that a certified copy of the whole record was necessary; and, secondly, that the copies of the papers referred to—that is, the pleadings and injunction writ and bond—could not be supplied in the manner attempted without evidence that the office of the master had been diligently searched, and they could not be found. The trial judge overruled these objections, and his action thereon is assigned as error.

On dissolution of an injunction, defendant may have either a reference to the master for the assessment of damages, or bring an independent suit on the bond. Shannon's Code, sec. 6259; *Terrell v. Ingersoll*, 10 Lea,

77, 80, 84. This follows as a matter.of course upon dismissal of the bill. *Ragan & Buffet* v. *Aiken,* 9 Lea, 623. But the fact of such dissolution must be shown by the best evidence; that is, the record of the injunction suit. "A judicial record of this State is proved by a production of the original, or by copy thereof, certified by the clerk or the person having the legal custody thereof under his seal of office, if he have one." Shannon's Code, sec. 5579. A copy of the whole record must be produced. *Duncan* v. *Gibbs,* 1 Yerg., 256; *Garrick* v. *Armstrong,* 2 Cold., 267; *Willis* v. *Louderback,* 5 Lea, 561; *Phipps* v. *Caldwell,* 1 Heisk., 350; *Railway Co.* v. *Seymour,* 113 Tenn., 523, 83 S. W., 674; *Smith* v. *Hutchison,* 104 Tenn., 394, 58 S. W., 226. A modification of this rule is found in *Russell* v. *Houston,* 115 Tenn., 536, 91 S. W., 192, to the effect that it may be dispensed with, in case of the records of courts of general jurisdiction, where it appears that a part of the record is lost and cannot be produced, and the party seeking to use the record as evidence produces all of it that is accessible.

It is insisted for the plaintiffs that this was done; that they produced and offered in evidence all of the record of the injunction suit that could be found. The defendants insist that there is not sufficient evidence in the record to show that any part of the former record was lost.

The testimony upon this subject is as follows: N. J. Phillips, the clerk and master of the chancery court testified thus:

"I will ask you if you have the original bond—injunction bond—executed by Samuel L. King and others in the cause of Samuel L. King and others against W. H. Cox? A. I reckon not. The file is not in my office. I suppose they are in Bristol. I haven't the papers now at all; some of the lawyers must have them. Q. I show you what purports to be a certified copy. (Witness examined the paper handed him.) A. Yes; I made that. Q. Did you make search for the bond? A. Let me see if I did. I don't remember just now what I did say about it. (Reads certified copy, and replied that it so states; that he made search for the bond.) Q. I will ask you if this is a correct copy of the injunction writ that was served upon the parties? (Hands witness paper.) Q. Have you made search for the original papers in this case? A. Yes, sir. Q. Have you been able to find them? A. No, sir. Q. Do you know where they are? A. No sir; I made that certified copy last October. Some of the lawyers may have them, but I can't tell where they are. I let C. A. Brown have them, and he took them to Bristol and gave them to A. C. Keebler. (Mr. Keebler here states that he brought them back to Blountville, and gave them either to the clerk and master, or some attorney in the case.) Q. Is that a copy of the injunction? A. Yes; that is a copy of the injunction and the sheriff's return on it."

This witness was examined on December 19, 1911. The certificate to the bond on which he bases his answer as to the search was made on the 22d day of May, 1911. He does not testify that he made any search in his office

after that time. This certificate of the 22d of May, 1911, states "that the original bond is lost or unintentionally mislaid, and cannot be found on diligent search." The certificate to the copy of the injunction writ on which he bases his statement as to that matter was made on the 31st of October, 1911.

C. J. St. John testified: "I find in my file a copy of the bill that was delivered to my client when the service was made." This copy was thereupon offered and objected to as stated. Accompanying this were filed uncertified copies of papers purporting to be the demurrers and answers of the defendants in that suit. The witness testified that these papers were prepared by him at his office, and that the carbon copies were copies of the originals which were filed in the court; that the copy of the original bill was a copy made out by the clerk at the time that the summons was issued, and delivered to his client with the summons.

We do not think that a sufficient ground was laid for the introduction of these irregular copies, or for using only a part of the record as the only part accessible. It does not appear that the clerk and master had made any recent search in his office, or that any inquiry had been made among the attorneys of the parties in that former litigation, or who the attorneys were. Judge St. John, the witness whose testimony has just been referred to, and who testified that he was counsel in that case, made no statement upon the subject as to whether he had examined or looked in his office for the file. It appears that Mr. Keebler was an

attorney in the cause, and his statement appears to the effect that he had the papers and returned them, either to the clerk and master, or gave them to some other counsel in the case, and so the question is left wholly at large. It does not appear that the master had made search in his office during the months intervening between May and October, or between October and December. It ought to appear that all available sources of knowledge had been exhausted by diligent and recent search. Among these available sources indicated by the present evidence were the clerk and master's office at Blountville and the offices of the various attorneys who had been engaged in that cause. For all that we can see, the whole record may have been in the clerk and master's office at the time he testified, or may have been in the office of one of the attarneys. Under these circumstances, we are of the opinion that the trial judge committed error in admitting these detached papers. *Rhea* v. *McCorkle,* 11 Heisk., 415; *Whiteside* v. *Watkins* (Tenn. Ch. App.), 58 S. W., 1107; *Vaulx* v. *Merriwether,* 2 Sneed, 686; *Pharis* v. *Lambert,* 1 Sneed, 228; *Girdner* v. *Walker,* 1 Heisk., 191; 17 Cyc., 543 and 548; 1 Greenleaf on Ev., sec. 558.

It results that the judgment of the court of civil appeals must be reversed, also the judgment of the circuit court, and the cause remanded for further proceedings.

The court of civil appeals reversed the judgment as to Yoakly on a special ground stated in the opinion of that court. It is unnecessary and improper that we should consider that ground in the present attitude of

King v. Cox.

the case, and the reversal of the court of civil appeals as to that matter is based upon the necessary reversal of the judgment of the circuit court.

The costs of the appeal will be paid by the plaintiffs.