W. S. SEYMOUR, APPELLANT, VS. JACOB PURNELL, APPELLEE.

1. Objection to the oath administered to the jury should be made at the time it is administered.

2. Where the oath administered to a jury in a civil action is not the one prescribed by statute for such action, yet is sufficient to cover the inquiry involved in or the issues covered by the pleading therein, and the plaintiff makes no objection but proceeds to trial and there is a verdict against him, such irregularity in swearing the jury is not good ground for setting aside the verdict on a motion for a new trial.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Geo. Wheaton Deans* for Appellant.

The main point raised on this appeal, upon which the appellant relies and upon which he asks this court to reverse the judgment of the court below, is that the oath prescribed by the statute to be administered to the jury called to try the cause, was not administered. The oath, the appellant holds, not having been administered, as appeared by the record, contains within itself the whole issue before the jury, the whole substance of the case which they are called upon to try, and that in the case here there was nothing before the jury for their consideration.

The jury in this cause were not informed of their duty, or of the matters which were to come before them, and the matter was brought to the attention of the court below in a motion for a new trial, and was made one of the grounds of the motion. I think that the doctrine laid down in the case recently decided by this court, (Geo. N. Moody vs. R. Hoe & Co.) applies to the case at bar, to which case reference is hereby made. The omission of the statutory oath here is not such an omission as is cured by verdict. Chitty on Pleadings, vol. 1..

Furthermore, it appeared by reference to the statute (see McClellan's Digest, page 344, §12,) that it was the intention of the Legislature which passed the law on this matter to make it a condition precedent to the trial of such a case as is here presented, that the oath prescribed by the statute should be first administered before the cause could be tried, for the statute reads as follows : " The jury being so sworn, the court shall, as in all other cases, admit

all legal testimony and the cause shall proceed, the court giving such instructions as the tenor of the case requires."

*R. B. Archibald* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court:

This is an appeal from a judgment rendered in favor of the appellee, who was defendant below, in an action instituted by the appellant to recover the possession of land. which he claimed that the appellee unlawfully and against his consent, withheld from him. There was a trial and verdict for the defendant, and appellant moved for a new trial on the ground that the jury had not been properly sworn.

The statute concerning "forcible entry and detainer" prescribes the forms of oath to be administered to the jury in the several classes of cases it covers. That for a case of unlawful detainer is: "You do solemnly swear that you will well and truly try whether the defendant against the consent of the plaintiff wrongfully holds possession of the real estate mentioned in the complaint; whether the said defendant hath so held possession thereof against the consent of the plaintiff within three years next before the exhibition of the said complaint, and whether the plaintiff has the right of possession in the tenements aforesaid, and you shall find a verdict and assess such damages as may be recoverable according to the evidence, so help you God." The oath actually administered to the jury on the trial is, as shown by the bill of exceptions, as follows: "You and each of you severally swear that you will well and truly try this cause, wherein W. L. Seymour is plaintiff and Jacob Purnell is defendant, and a true verdict give according to the evidence, so help you God."

No exception was taken to the manner in which the

jury was sworn till after the rendition of the verdict, when the motion for a new trial was rendered.   The verdict rendered  is in the form prescribed  by the statute for cases of unlawful detainer, and finds that " the defendant did not, at the time of the filing of the complaint in this cause, wrongfully hold possession of the real estate mentioned in the complaint against the consent of the plaintiff ; that the defendant hath not so held possession thereof against the consent of the plaintiff within three years next before the filing of the complaint, and that the plaintiff hath not the right of possession in the real estate aforesaid."

In Candler vs. Hammond, 23 Ga., 493, the ground for a motion for a new trial was that the jury was not sworn as required by the escheat law.   The jury had tried the case under their usual oath without objection.   "It was too late," says the court, " for the defendant to object to the form of oath administered to the jury after he had proceeded to trial without objection on that account.   He was willing to risk the chances of a verdict in his favor under the oath as administered, and it is now too late, after a verdict against him, to object."   See, also, Looper vs. Bell, 1 Head, 373 ; 2 G. Green, (Iowa), 285 ; 1 Clark, (Iowa), 167.   The doctrine of Looper vs. Bell is if the jury be not legally sworn and the party or his counsel make no exception at the time, the objection cannot be made available in the Supreme Court.

The oath administered to the jury in the case before us, though not in form the one prescribed by the statute, was amply sufficient to cover all the issues and inquiry which could be involved in such a cause, and to put the jurors under the solemn obligation of an oath in the performance of their duty in the premises.   The verdict shows that they understood the character of the issues involved. There is nothing in the record to indicate that any injury

was suffered by the plaintiff from the irregularity; the contrary presumption is the only one which, looking at the proceedings as a whole, can be indulged. In a civil case a mere irregularity of this kind unobjected to is not sufficient to justify a new trial. If the oath administered was such that it would either not cover every, or would exclude any, feature of the inquiry or issue involved in the case, or was such as was calculated to mislead the jury, our conclusion might be different.

The judgment is affirmed.