## MANUFACTURING Co. v. MORRIS.

### (*Knoxville.* October 4, 1900.)

1. DEMURRER TO EVIDENCE. *Damages assessed upon the evidence embodied therein.*

   Where a demurrer to evidence in an action involving unliquidated damages is overruled, the amount that the plaintiff is entitled to recover must be fixed upon the evidence embodied in the demurrer. Neither party has the right to introduce any further evidence on this question. (*Post, pp. 655–659*).

   Cases cited: Mitchell v. Railroad, 100 Tenn., 333; Hopkins v. Railroad, 96 Tenn., 423.

2. JURY. *Oath of. Sufficient, when.*

   It is sufficient to swear a jury "to well and truly try the issue joined between the parties," that is impaneled to assess damages upon the overruling of a demurrer to evidence, especially when the parties stood by and made no objection to the oath in the lower Court The assessment of damages is an issue in such case. (*Post, pp. 659, 660.*)

   Cases cited: Looper v. Bell, 1 Head, 376; Tinkle v. Dunivant, 16 Lea, 505.

3. VERDICT. *For $7,500, sustained upon the facts.*

   The Court holds that a verdict of $7,500 for the negligent killing of a boy seventeen years of age is not so excessive, upon the facts set out in the opinion, as to evince such partiality, caprice, prejudice, or corruption on the part of the jury as justifies reversal. (*Post, pp. 660, 661.*)

---

FROM HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County. FLOYD ESTILL, J.

BROWN & SPURLOCK and PRITCHARD & SIZER for Manufacturing Co.

SHEPHERD & FRIERSON and W. T. MURRAY for Morris.

MCALISTER, J. Plaintiff recovered a verdict and judgment in the Court below for the sum of $7,500 for the negligent killing of his intestate. The company appealed, and has assigned errors.

The first assignment of error we shall consider is that the Court erred in admitting the written testimony embodied in the demurrer to the evidence. It is necessary to explain that on the original trial of this cause in the Circuit Court a demurrer to the evidence interposed by defendant company was sustained by the Court, and plaintiff's suit dismissed. On appeal this Court at last term reversed the action of the trial Judge, and remanded the cause for assessment of damages by another jury. It was stated in the entry made at last term reversing the judgment, that the cause was remanded for the assessment of damages upon the evidence set out in the demurrer. This was accordingly done, and, as already stated, the jury assessed the damages at $7,500. It is now objected that the Court below permitted the evidence embodied in the original demurrer to be read to the jury, excluding all other testimony. Counsel for defendant company objected to the reading of the transcript of the evidence incor-

porated in the demurrer for the reason that it would deprive the defendant of the right to cross-examine the witnesses and of the right to offer evidence in respect of the quantum of damages or in mitigation thereof. It is insisted that the demurrer to the evidence had served its purpose and was *functus officio,* that the only issue presented by the demurrer was that of liability or nonliability, and that the question of damages was not therein involved. As already stated, the entry at last term directed that the cause should be remanded for the assessment of damages upon the evidence set out in the demurrer. This was in accordance with the rule announced in *Mitchell v. R. R. Co.,* 16 Pick., 333, in which cause this Court reversed the judgment of the trial Judge, sustaining a demurrer to the evidence, using this language, to wit: "If he (plaintiff) was guilty of any negligence to reduce the amount he might otherwise be entitled to, it was a matter for the jury, which shall assess the correct amount to be given under the facts in evidence as demurred to." That case was again before this Court at Nashville, December term, 1898, when it appeared from the record that in the assessment of damages the jury had been confined to the transcript of the evidence contained in the original demurrer, all oral testimony having been excluded and no additional evidence permitted to be heard. The correctness of this practice was vigorously assailed,

and the same reasons, as well as the same authorities were urged then, as now, against the practice. But this Court sustained the practice, holding that no additional testimony could be presented, and the assessment of damages must be made by the jury upon the transcript of the evidence embodied in the original demurrer, and that an oral examination or cross-examination of the witnesses was not permissible. In *Hopkins* v. *Railroad,* 12 Pick., 423, this Court quoted with approval the following from Elliott's General Practice, vol. 2, sec. 863, viz.: "The evidence must be incorporated in the demurrer. . . . The party who prevails on the demurrer is entitled to final judgment in his favor. . . . It is not necessary that the damages should be assessed by the jury originally called to try the case, although that jury may asses them, but another jury may be called to assess the damages. If there is a conditional assessment of the damages, and the decision upon demurrer is in favor of plaintiff, he is entitled to a judgment for the amount conditionally assessed. Where the damages have not been provisionally assessed, then, as already suggested, a jury may be called to make the assessment, and judgment will be entered for the amount assessed." Elliott's General Practice, Vol. 2, secs. 869, 870, citing Troubats & Haly's General Practice, Vol. 2, p. 866, also Vol. 1; Gould's Pleading, sec. 73.

Now, the latter practice was adopted in the present case, and the damages were assessed by a jury expressly called for that purpose after the cause had been remanded. The defendant cannot object to an assessment of damages upon a transcript of evidence which he admits by his demurrer to be true and unimpeachable. The filing of the demurrer to the evidence originally submitted by the plaintiff precluded the introduction of any additional testimony. The defendant thereby admitted that the evidence introduced by the plaintiff established the facts of the case, and the only question made by defendant was that as matter of law, these facts did not constitute actionable negligence.

It is argued that the jury called to assess the damages should have an opportunity to see the witnesses in order to weigh the testimony, but since the testimony by the demurrer has been admitted to be true, there can be no occasion for the jury to see the witnesses. The transcript of the original evidence is the recorded admission of the defendant, and is not only admissible, but the best evidence that can be produced. Again, it is argued that the original witnesses should again be examined orally, in order that defendant's counsel may have the right of cross-examination. But this right was exercised, or might have been exercised, on the original hearing. It is argued that the demurrer to the evidence only goes to the ques-

tion of liability or nonliability. The original demurrer may either proceed upon the theory that the facts admitted do not make a case of liability, or, liability being admitted, it may deny that any damages have been shown. It is incumbent upon the plaintiff, in presenting his evidence, to make out his case, and to show both liability and damages. If he fails in either, the demurrer of defendant must prevail, and plaintiff cannot supplement his case by any additional testimony. So the defendant, by demurring, rests his whole case upon the law, and the law being adjudged against him, his demurrer is overruled, and the damages must be assessed upon the facts already in evidence. If the original record of the testimony can be opened for one purpose, it can be opened for all, and thus a controversy would be presented over every question involved in the original trial, and the office of a demurrer to the evidence thereby absolutely destroyed.

The next assignment of error is that the jury were sworn to well and truly try the issues joined between the parties, and were not sworn to well and truly assess the damages.

It suffices to say, in answer to this objection, that defendant's counsel were present when the jury was sworn, and made no objection to the form of oath administered. *Looper* v. *Bell,* 1 Head, 376. The rule is that in such cases a party may not sit quietly by and take his

chances on a favorable verdict, and afterwards take advantage of such an infirmity in the proceedings. *Tinkle* v. *Dunivant,* 16 Lea, 505; *Seymour* v. *Purnell,* 23 Fla., 232.

Moreover, we do not perceive why the assessment of damages was not an issue—certainly it was in respect to the quantum of damages—the plaintiff being, of course entitled, as matter of law, to nominal damages upon the overruling of the demurrer. It is next assigned as error that the verdict of the jury was excessive. The plaintiff's intestate was a boy seventeen years of age, engaged in running a lathe in defendant's factory. In attempting to adjust the belt which ran his machine, on the pulley overhead, the ladder upon which he was standing, owing to a defective standard, gave way, and the young man was caught in the revolving machinery and wound around the shaft, the belt confining him to the revolving shaft until the machinery was stopped, and he was released by backing the machinery and unwinding the belt which fastened him to the shaft. His arms and legs were broken, and he sustained such internal injuries that, as the result thereof, he died in a few days. At the last term of this Court, overruling the defendant's demurrer to the plaintiff's evidence, this Court held that upon the evidence submitted, a jury would have been justified in finding that the ladder broke from the mere weight of the boy and because of the defect

Manufacturing Co. *v.* Morris.

in the standard, or that the ladder was violently shaken and jostled by the sudden motion of the shaft occasioned by the defective engine, so that the boy was thrown against the belt and carried by it to the shaft. We cannot say, in view of the excellent character and industrious habits of the boy, his earning capacity as well as his expectancy of life, that a verdict for $7,500 was excessive. Certainly not so excessive as to evince partiality, caprice, prejudice, or corruption on the part of the jury.

Affirmed.