## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

---

### NASHVILLE, DECEMBER TERM, 1904.

---

NASHVILLE, CHATTANOOGA & ST. LOUIS RY. *v.* SANSOM.

(*Nashville.* December Term, 1904.)

1. **NONSUIT.** When allowed in jury cases.
   In cases triable by a jury, the plaintiff may take a nonsuit "at any time before the jury retires," that is, before the jury has begun "to consider of their verdict."

   Code cited and construed: Secs. 4689, 4690 (S.); secs. 3678, 3679 (M. & V.); secs. 2964, 2965 (1858).

2. **SAME.** When allowed, where trial is by court.
   Where the trial is by the court instead of the jury, a nonsuit can only be taken before the case is finally submitted to the court.

   Code cited and construed: Sec. 4691 (S.); sec. 3680 (M. & V.); sec. 2966 (1858).

5 Cates]                                                     (683)

Railroad v. Sansom.

3.  **DEMURRER TO EVIDENCE.**    Effect of, is to withdraw case from jury.

When a demurrer to the evidence is filed and issue joined thereon the case is withdrawn from the consideration of the jury and becomes a matter to be tried by the court.    *(Post, pp.* 687-691.)

Cases cited and approved:  Hopkins v. Railroad, 96 Tenn., 409-423; Mfg. Co. v. Morris, 105 Tenn., 654; Railroad v. Dowd, 9 Heisk., 179, 184, 187; Suydam v. Williamson, 20 How., 427; Van Stone v. Mfg. Co., 142 U. S., 134.

4.  **SAME.**  Same.  Motion for nonsuit too late, when.  Case in judgment.

The plaintiff instituted her action to recover damages for the wrongful killing of her husband.    A jury was impaneled to try the issue, and plaintiff introduced her evidence, to which the defendant railway company demurred, and issue was joined thereon.    After argument, by the respective counsel on the merits of the demurrer, had been closed, the plaintiff moved for leave to take a nonsuit, which was granted and her suit dismissed.    Defendant duly excepted, prayed and was granted an appeal.

*Held,* the effect of the demurrer to the evidence was to withdraw the case from the jury and after argument on the demurrer had been closed the case was "finally submitted to the court," and plaintiff was no longer entitled to take a nonsuit.

5.  **QUESTION RESERVED.**  Discretion of court over question of nonsuit.

Whether the trial judge is vested with discretion to grant leave to take a nonsuit, when the time for taking same had passed when the motion was made, was reserved.

FROM GRUNDY.

Appeal in error from the Circuit Court of Grundy County.—JOSEPH G. HIGGINS, Judge.

Railroad v. Sansom.

CLAUDE WALLER, J. J. LYNCH, C. H. GARNER and W. D. SPEARS, for Railway.

T. J. ALEXANDER and T. M. LOCKHART, for Sansom.

MR. JUSTICE NEIL delivered the opinion of the Court.

This action was brought in the circuit court of Grundy county to recover damages for the alleged wrongful killing of John W. Sansom, the husband of the plaintiff below. A jury was impaneled to try the cause, and the plaintiff introduced her evidence. After the plaintiff had introduced all of her testimony, the defendant demurred to the evidence, and the plaintiff joined issue thereon. The merits of the demurrer were then argued before the court by the respective counsel. After this discussion was closed the plaintiff moved the court for leave to take a nonsuit. This motion was granted, and the plaintiff's case was accordingly dismissed, without any action upon the demurrer. To this. judgment the defendant below, who is the plaintiff in error here, excepted, and prayed an appeal to this court, and has assigned errors.

The point raised here is that under our statute the motion for leave to take a nonsuit came too late.

We have three sections bearing upon the subject. They are as follows:

Shannon's Code, sec. 4689: "The plaintiff may, at any time before the jury retires, take a nonsuit or dis-

miss his action as to any one or more defendants, but if the defendant has pleaded a set-off or counterclaim, he may elect to proceed on such counterclaim in the capacity of a plaintiff."

Section 4690: "The defendant may, in like manner, withdraw his counterclaim at any time before the jury retires to consider of their verdict."

Section 4691: "If the trial is by the court instead of the jury the nonsuit or dismissal provided for in the last two sections shall be made before the cause is finally submitted to the court, and not afterwards."

The counsel for the respective parties have argued the case somewhat at cross-purposes; it having been insisted for defendant in error that the decision should be governed by section 4689, and for plaintiff in error that it should be governed by section 4691.

The first theory advanced for the defendant in error is that the case remained before the jury notwithstanding the demurrer to the evidence, and that the right to take a nonsuit had not been lost, because it does not appear that the jury had retired from the box at the time the motion was made. The theory advanced for the plaintiff in error is that, when issue was joined on the demurrer to the evidence the case was taken from the jury, and at once became a matter to be tried before the court; and that, when the argument was concluded, the case was thereby finally submitted to the court, and it was then too late to take a nonsuit.

We are of opinion that the position of the defendant

in error is untenable.   Reading sections 4689 and 4690 together, it is perceived that by the retiring of the jury is meant the point of time when the case is submitted to them "to consider of their verdict."   The reference is to the practice of the actual withdrawal of the jury from the box for the purpose indicated.   Sometimes, however, after the argument is closed, and all instructions have been delivered to them, the jury are permitted to make up their verdict in the box without an actual retiring for the purpose.   We are of opinion the legislature intended that the right to take a nonsuit in a jury case should finally cease when the jury should properly begin "to consider of their verdict," under the law as above stated, whether there should be an actual withdrawal from the jury box or not.   The substance of the matter is that there shall be no nonsuit allowed after a case has been fully committed to the consideration of the jury.

In the case referred to in the preceding paragraph there is a duty devolved upon the jury to determine the facts admitted in evidence before them, and to apply thereto the instructions delivered to them by the court, for the purpose of rendering a verdict thereon.   But when there is a demurrer filed to the evidence the case is withdrawn from the jury, the court gives them no instructions, and it is not in their power to render a verdict, the facts being fully ascertained by the joinder in demurrer.   It is true the case, after having been so withdrawn, may be again submitted to them for the purpose of estimating damages, if the judge overrules

the demurrer; but until it is so committed to them again it is as fully out of their control as if it had never passed thereunder. The circuit judge, on overruling the demurrer, may submit the case for the assessment of damages to the same jury or to a new jury, as he may deem best. Of course, if he should promptly decide the questions arising on the demurrer against the defendant, he would submit the case again to the same jury, unless that jury had been previously directed to withdraw from the box. However, the circuit judge is not compelled to decide such matters promptly, but may hold them under advisement, and we suppose, as a matter of fact, the judges do frequently hold them under advisement for a day or two, or several days, for the purpose of making such investigations as they deem the merits of the questions raised require of them. So it is not the duty of the circuit judge to decide the demurrer at once. He may do so or he may take time for consideration. The probability that time may be required for the purpose of examining authorities and for reflection, extending over several days, it may be, is inconsistent with the view that the jury previously impaneled are still attached to the particular case, with their functions merely suspended, awaiting the action of the trial judge. No circuit court could be properly conducted in this manner. There might be at the same time several juries outstanding with suspended functions, and all other work of the court blocked, awaiting the decision of the judge upon the demurrer. We con-

Railroad v. Sansom.

clude, therefore, that the only proper view of this phase of the matter is that the case is completely withdrawn from the jury and is submitted to the court.

Such was the status in the present case when the motion for leave to take a nonsuit was made.    The case had been withdrawn from the jury and submitted to the court.    It was then controlled by section 4691.    There was a final submission to the court when the argument on the demurrer to the evidence was at an end.    The section of the Code last referred to provides that, when the case has reached this stage, no nonsuit shall be allowed.    The language is that the nonsuit shall be taken "before the cause is finally submitted to the court, and not afterwards."

What has just been said is re-enforced by the following principles laid down in our cases, showing the effect of the demurrer to the evidence in withdrawing the case completely from the jury originally impaneled for the trial of it:

In *Hopkins* v. *Railroad,* 96 Tenn., 409, 421, 34 S. W., 1029, 1032, 32 L. R. A., 354, it is said:    "When a party wishes to withdraw from the jury the application of the law to the facts, he may, by consent of the court, demur in law upon the evidence, the effect of which is to take from the jury, and refer to the court, the application of the law to the facts; and thus the evidence is made a part of the record, and is considered by the court as in a case of a special verdict"—citing with approval *Suydam*

v. *Williamson*, 20 How., 427, 15 L. Ed., 978; *Van Stone* v. *Mfg. Co.*, 142 U. S., 134, 12 Sup. Ct., 181, 35 L. Ed., 961.

Again: "It is not necessary that the damages should be assessed by the jury originally called to try the case, although that jury may assess them, but another jury may be called to assess the damages." 96 Tenn., 423, 34 S. W., 1032, 32 L. R. A., 354.

Again: "When it appears there is no conflict in the evidence, but the facts are all admitted, we fail to perceive what is to be submitted to the jury. And if the court may apply the law upon a special verdict settling controverted facts, why may not the court make application of the law upon facts which are undisputed, and are all admitted by the demurrer of the defendant?" 96 Tenn., 454, 455, 34 S. W., 1040, 32 L. R. A., 354.

Again: "The defendant, by demurring, rests his whole case upon the law, and, the law being adjudged against him, his demurrer is overruled, and the damages must be assessed upon the facts already in evidence." *Mfg. Co.* v. *Morris*, 105 Tenn., 654, 659, 58 S. W., 651, 653.

As to the assessment of damages, when the demurrer to the evidence is overruled, the practice then to be followed bears a close analogy to that pursued in cases of judgment by default, wherein it is held (*Railroad* v. *Dowd*, 9 Heisk., 179, 184-187) that the plaintiff may have a jury impaneled, and the damages assessed at once, or the case may go over to the next term, and take its regular place on the docket, to be called in due course when reached on the calendar, for ascertainment

of the amount of damages; with the difference that no new evidence can be introduced under the former, but the amount of damages must be determined by the jury from the facts set out in the demurrer. 105 Tenn., 654, 58 S. W., 651.

It is insisted for the plaintiff that, even if the court should hold that the time for taking the nonsuit had passed when the motion therefor was made, yet a discretion remained to the court below to grant or refuse; citing Cyc., vol. 14, p. 403. We do not say that a case might not arise under which the court would have such discretion; nor do we hold that the court would have that discretion. It is unnecessary to pass upon the point in the present opinion, for the reason that there is nothing in the case before us to take it out of the ordinary, or to move the discretion of the court for special action. Moreover, it is observable, upon a perusal of the sections of the Code quoted, when considered in the light of the common law as it existed when the statutes were passed on which the Code sections were based, that it was the purpose of the legislature to confine the right strictly within the limits laid down. We do not think we have, in this case, the power to pass the bounds fixed. We have considered the authorities presented from other jurisdictions, but find them of small use, since the case must be decided upon a construction of our own statutes.

It results that the judgment of the court below must be reversed, and the cause remanded for action on the demurrer, and for further proceedings.