ADA DUNAWAY, AS CLAIMANT, AND WILLIAM SUTHERLAND AND M. G. KNIGHT AS SURETIES, PLAINTIFFS IN ERROR, v. AARON FERST, JOSEPH FERST AND LEON FERST, PARTNERS AS M. FERST S SONS & COMPANY, DEFENDANTS IN ERROR.

1. An affidavit in a claim proceeding involving five hundred dollars filed in the Circuit Court is a proceeding in that court even though it is made before a Justice of the Peace and bears the caption "In Court of Justice of Peace, State of Florida, Alachua County, 20th District."

2. In the absence of a bill of exceptions, proper evidence of essential facts *in pais* will be presumed.

3. Objection to the form of the oath administered to the jury should be timely made. It is too late when made for the first time in tne appellate court.

This case was decided by Division A.

Writ of Error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

*W. S. Broome,* for Plaintiffs in Error.

*Carter & Layton,* for Defendants in Error.

COCKRELL, J.   Mrs. Ada Dunaway filed in the Circuit Court for Alachua county her affidavit claiming as her own certain personalty levied upon by the sheriff as the property of one D. A. Dunaway by virtue of an execution in favor of M. Ferst Sons & Company.   The affidavit was made before a Justice of the Peace.   It is objected here that the proceeding was one before the Justice Court and could not therefore be the basis of a proceeding in the Circuit Court, but the objection is fruitless.   While the caption of the affidavit reads "In Court of Justice of Peace, State of Florida, Alachua county, 20th District," and there is nothing on the face of the affidavit itself to show that it was intended to be filed in the Circuit Court, yet it is clear that the meaning, if meaning it had, was merely to show the affidavit was made within the territorial jurisdiction of the Justice of the Peace.   The penalty of the claim bond, fixed by the sheriff is more than five hundred dollars, clearly showing that an amount greater than the jurisdiction of the Justice's court was involved.

The transcript of the record shows that at a term of the Circuit Court held November 18, 1905, "came the parties and submitted said cause upon the issues joined between them to a jury" and that the jury found the issues for the plaintiff and against the claimant and fixed the value of the property at $228, being exactly the same valuation as that fixed by the sheriff when he took the claim bond.

The mere failure of the record to show a return to the Clerk's office of the writ does not vitiate the judgment

as to which every presumption is to be indulged.      The evidence at the trial is not before us, but it is to be presumed that the sheriff was in attendance at the court and that his testimony and the writ in his possession were part of the "evidence which the jury heard." If proper evidence of essential facts was not before the court, any right of review has been lost by a failure to preserve the error in the record.

Any objection to the oath administered to the jury should have been made at the time it is administered. An objection made for the first time in the appellate court comes too late.  Seymour v. Purnell, 23 Fla. 232, 2 South. 312; Jacksonville, T. & K. W. Ry. Co. v. Neff, 28 Fla. 373, text 386, 9 South. Rep. 653.

The judgment entered upon the verdict may not be in approved form in all respects and it may be incorrect to speak of the money part as being for "damages," but we fail to find in the objections urged here such substantial error therein as to call for a reversal, and it is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ.,  concur in  the opinion.