WILLIAM T. SIMMONS AND MORITZ P. CAPEN, PLAINTIFFS IN
ERROR, v. LOUIS W. HANNE AND FRED H. HANNE, COM-
POSING THE FIRM OF HANNE BROTHERS, DEFENDANTS IN
ERROR.

Where the bill of exceptions does not give the evidence in
the case, and the trial judge gives affirmative charges
directing the jury to find the defendants guilty and
as a guide to the jury. in fixing the amount of the
verdict that "mere compensation to the plaintiffs is the
rule only where no circumstances of aggravation are
shown in the evidence connecting the defendants with
the trespass," this court must presume that the evidence
warranted these charges, and will not consider assign-
ments of error based on the refusal of the court to give
instructions on behalf of the defendants.

This case was decided by Division B.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the
court.

Geo. U. Walker, for Plaintiffs in Error;

A. W. Cockrell & Son, for Defendants in Error.

HOCKER, J.: Hanne Brothers, the defendants in error,
sued the plaintiffs in error in the Circuit Court of Duval
county, and filed the following declaration: "Louis W.
Hanne and Fred H. Hanne, comprising the firm of Hanne
Brothers, plaintiff herein, by A. W. Cockrell & Son, their
attorneys, complain of William T. Simmons and Moritz P.
Capen, defendants herein for this, to-wit: that on, to-wit:

the 25th day of October, A. D. 1901, the said defendants broke and entered a certain store in the possession of the plaintiffs, situate at No. 501 West Bay Street, in the City of Jacksonville, Duval County, Florida, and seized upon certain goods and stock of liquors of the plaintiffs of great value and closed up the said store and thereby caused great annoyance and inconvenience to the plaintiffs and great loss and damage to the business of the plaintiffs, who were then and there and theretofore engaged in the business of retail liquor dealers, which business was large and profitable and plaintiffs claim five thousand dollars damages."

The defendants below filed three pleas to the declaration, as follows: "The defendants, for pleas to plaintiffs' declaration, say that they are not guilty.

2. And for a second plea defendants say that it is not true as is alleged in plaintiffs' declaration, that they committed the said trespasses as therein set forth, but that on the contrary thereof, the said supposed trespasses were committed, if any such there be, under and by virtue of legal process, sufficient in form and substance issued out of said court in due conformity to the law upon the application of defendants, as plaintiffs, in that certain suit wherein defendants were plaintiffs and plaintiffs were defendants, wherein and whereby the plaintiffs therein, to-wit: these defendants, as of their lawful right they were entitled to do, sued out conformably to the statute a distress warrant against the property of defendants therein, to-wit: these plaintiffs and against said plaintiffs as defendants to collect rent then and there due to these defendants from these plaintiffs, and so it is, defendants say that they were in all things justified in what they did, and

what was done at their instance and request in said distress proceedings.

3. Defendants say they never were indebted as alleged."

The last plea was abandoned.

On the trial the jury found a verdict for the plaintiffs below for $500.00, and a judgment against the defendants was entered in favor of the plaintiffs below for the amount of this verdict. A writ of error was sued out from this judgment.

There is no bill of exceptions in the record, and the assignments of error are based on several charges given for plaintiffs by the trial judge and his refusal to give several requested by the defendants.

There are no exceptions in the record to the charges given at the request of the plaintiffs, and among them are these: "1st. The court charges you that under the undisputed proof in this case you must find the defendants guilty;" and, "2nd. In ascertaining the amount of damages suffered by the plaintiffs for the acts complained of in their declaration, the jury must consider that the defendants were trespassers, and mere compensation to the plaintiffs is the rule only where no circumstances of aggravation are shown in the evidence connecting the defendants with the trespass." In the absence of the evidence this court must presume that the trial judge acted properly in giving the charges for the plaintiffs and in refusing to give those requested by the defendants. Young v. Surget (Miss.) 34 South. Rep. 322; Florida Cent. & P. R. Co. v. Seymour, 44 Fla. 557, 33 South. Rep. 424; Dunaway v. Ferst, 51 Fla. 180, 41 South. Rep. 451; 2 Cyc. 1093.

No error appearing in the record the judgment of the court below is affirmed.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and WHITFIELD, J., concur in the opinion.

COCKRELL, J., disqualified.